Hall, J.
1. Suit was brought on a note and on a balance alleged', to be due on an account. The defendants denied indebtedness, and' pleaded payment of the note, and recoupment for damages alleged to-have been sustainéd.by reason of the Violation, on the part of the-plaintiffs of instructions as to the salé of certain cotton. The evidence made it clear that forty-five bales of cotton were sent by the defendants-to the plaintiffs and ordered to be sold, and that the amount of the-sale was directed to be applied to the satisfaction and payment of the note; and from the entire course of dealings between the parties, it-was evident that these instructions were carried out and that the proceeds of the sale were thus applied. The sale brought more than, enough to pay this particular indebtedness:
Held, that a verdict for the plaintiffs for the entire amount was-contrary to law and evidence. The debtors had the right to direct the approjpriation of this payment to either of the several debts held by-.their creditors against them, and this was recognized by the creditors.. Had the debtors given no direction, the creditors might have appropriated the payment at their election ; and if they failed to exercise this privilege, the law would make the application in such manner as-would be reasonable and equitable to both parties, generally so applying it as to extinguish the oldest security or the oldest item in the accouiit, the legal presumption being that such would have been the-fair intention of the parties. Code, §2869 and cit.
(a) Neither bank checks nor promissory notes are, as a general rule,, deemed a payment until they are themselves paid ; but they might be-considered payment if the parties so understood and agreed; and a fortiori, without such an understanding, agreement or direction, a promissory note would not be converted into an indebtedness by account, by a. *67 simple transfer or memorandum of such note made on the books of the creditor. Hatcher & Baldwin vs. Comer & Co., (Sept. term, 1884).
S. B. Hatcher; E. G. Simmons, for plaintiffs in error.
Denmark & Adams; Hawkins & Hawkins, for defendants.
(b) There is no evidence that the defendants ratified the plaintiff’s-dealings with the note after they ordered it paid, or that they recognized it as an outstanding obligation upon them : nor can it be inferred that the plaintiffs had a right to control the time of selling the cotton, and appropriating the proceeds because of liabilities which they had incurred for defendants, and moneys advanced by them to meet such liabilities. Such a claim came too late after reciving instructions and complying with them.
(c) Had the suit been brought upon the entire account, with the note still constituting an item thereof, it is not decided what might-have been the result, nor whether, an amendment will enable the-plaintiffs to recover.
Judgment reversed.